IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DANIEL PARKER, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-1002-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Daniel Parker, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner was charged in the 355th Judicial District Court of Hood County, Texas, with one count of possession of a controlled substance, methamphetamine, of less than one gram. Adm. R., WR-64,694-02 writ 50-52, ECF No. 12-14. The indictment also included two enhancement paragraphs and two habitual counts. *Id.* The state appellate court summarized the facts and procedural history of the case as follows:

> Acting on information from a confidential informant, two investigators with the Hood County Sheriff's Office, Matthew Bales and Ray Miller, stopped Parker after he left a suspected drug house and committed two minor traffic violations. Based on the information gleaned from the confidential informant and because Parker appeared nervous, Bales asked Parker for consent to search his truck. Parker consented to the search of his truck, but no drugs were found. Bales and Miller then called for a drug dog to come sniff the truck. When the drug dog arrived, Bales saw that Parker began "playing with his feet, rubbing his . . . sock," and Bales noticed "a

> piece of black [electrical] tape stuffed in his shoe." Bales removed the tape from Parker's shoe and found two small baggies of methamphetamine wrapped in a piece of notebook paper. Bales arrested Parker and read Parker the required warnings. Parker then stated that he bought the methamphetamine in Fort Worth, that he usually buys methamphetamine in small packages because he only uses "a gram at a time," and that there was "no more" methamphetamine in his truck. Parker also stated that he needed "rehab" because of his drug problem and that he did not sell methamphetamine to others.
>
> [Following a bench trial,] the trial court found Parker guilty of possession of a controlled substance under one gram and sentenced him to eighteen years' confinement.

*Id.,* Mem. Op. 2, ECF No. 11-4 (citations omitted).

Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.,* Docket Sheet, ECF No. 11-2. Petitioner also filed a postconviction state habeas application, raising one or more of the claims raised here, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. *Id.,* Action Taken, ECF No. 12-15.

## II. ISSUES

In one ground, Petitioner asserts (all grammatical errors and misspellings are in the original)–

<u>Trial counsel's performance was deficient, and this led to prejudice in the fact the verdict would have been not guilty but for the performance that feel below an objective standard of reasonableness . . . also led to improper enhancements.</u>

Law enforcement testified that the sole reason for the stop and search of the vehicle Parker was in was a traffic violation. Yet, officers detained and searched, and summoned a drug sniffing dog, for more than thirty minutes. At which time the vehicle was searched, and the defendant was searched revealing no contraband. It was alleged that information (CI) led the narcotics officers to believe Parker was involved in some type of drug activities. At no time during this alleged traffic stop was any citation even pretended to be written. Law enforcement claim that Parker consented to the more than half hour long search of his person and vehicle, but it is not clear from the video and audio presented at trial as to what Parker stated. Law enforcement stated that Parker was acting nervous but could not articulate a reason for this belief. In fact the video shows no nervousness on the part of Parker. Parker's attorney does object to the video on spurious grounds, and he objected to the

> confession under TxCCP Article 38.22. Parker's attorney does not object to the redaction of the video and exclusion of the evidence on the grounds that the video is not an accurate depiction because of this redaction. Parker's attorney did not object to the introduction of the lab report even though the lab technician that conducted the analysis was not even in Hood County the day of trial. His attorney did not object to the break in the chain of custody this also created. Parker's attorney once again objects to the substance being admitted into evidence because it was obtained illegally, but he does not call into question the pretextual nature of the entire contact and improper nature and scope of the traffic stop far exceeding the purpose of mere traffic stop.

Pet. 7-7(a), ECF No. 1.

In his supporting brief, Petitioner expands his claim by asserting that counsel was ineffective by failing to consult with Petitioner; familiarize himself with the scene, the facts of the case and the relevant law; move to suppress because the scope of the investigation exceeded a mere traffic stop; discuss the lab report or explain what a stipulation to evidence is; challenge the redaction of the video; investigate and interview witnesses; file discovery requests or motions; "identify or authenticate the CI"; convey a plea offer; and prevent an improper enhancement. Pet'r's Br. 30-41, ECF No. 2.

### III. RULE 5 STATEMENT

Respondent asserts that the petition is not barred by lack of exhaustion, the statute of limitations, or successiveness. Resp't's Ans. 5, ECF No. 14.

### IV. DISCUSSION

**A. Legal Standard for Granting Habeas-Corpus Relief**

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme

3

Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Id.* § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as in this case, it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

### B. Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. Const. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. The Supreme Court emphasized in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. 86, 101 (2011) (quoting *Williams,* 529 U.S. at 410 (emphasis in original)). Accordingly, it is necessary only to determine whether the state courts' adjudication of petitioner's ineffective-assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005);

5

*Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner was represented at trial by Richard L. Hattox, licensed to practice law since May 1985 and board certified in criminal law by the Texas Board of Legal Specialists. In the state habeas proceedings, counsel responded to Petitioner's claims via affidavit as follows (any grammatical errors, omissions, or misspellings are in the original):

> I was court appointed to represent Daniel Glenn Parker, who was charged with possession of less than one gram methamphetamine, enhanced to a second degree felony.
>
> I deny that I failed provide assistance of counsel to Mr. Parker upon the following allegations:
>
> (1). That trial court failed to object on motion to suppress the lab report on the grounds that the lab technician was unavailable to testify.
>
> As I recall, there was nothing in the state's file or in my file indicating that the lab technician was "unavailable" to testify.
>
> There was no issue, I believed, as to the validity of the lab technician's report. There was no indication that the substance tested was not methamphetamine. There appeared to be no issue regarding any chain of custody evidentiary issues. Mr. Parker and I discussed stipulating as to the lab report as we both agreed there was no real issue for the Court to resolve. Mr. Parker and I agreed to only contest the issues in the case that were substantive issues, and the lab technician nor his report was among these issues. The cause was tried before the Court, and not a jury. Mr. Parker and I discussed the appropriate need for efficiency and Mr. Parker agreed to the stipulation of State Exhibit 10, the lab report for these reasons.
>
> (2.) That trial counsel failed to object to or move to suppress a redacted video or the evidence obtained from the traffic stop.
>
> Counsel began in opening statements objecting to the reasons alleged by the State for the traffic stop and video
>
> Beginning at Reporter's Record Volume 2, Page 8, Line 17 Counsel complained to the trial court no traffic violations occurred that justified the traffic stop and that the video taken of the Defendant's arrest would substantiate our claim. See again, Reporter's Record Vol. 2, Page 9, Line 2.

The State's witness, Officer Bales, testified that Defendant failed to use a turn signal twice. Reporter's Record, Vol. 2, Page 12, Reporter's Vol. 2, Page 13, the officer told Defendant why he was stopped and requested consent to search the vehicle. No contraband was found in the vehicle. Bales testified that the contraband was found on or near the Defendant's foot outside the vehicle.

Trial counsel objected to inculpatory statements made by Defendant. Reporter's Record Vol. 2, Page 17, trial counsel specifically objected to the video, State's Exhibit One because of the lack of probable cause to conduct the traffic stop and the lack of waiver of rights pursuant to Art. 38.22 (Miranda Warnings). Reporter's Record Vol. 2, Page 21. The objection was overruled. Several parts of the video were fast-forwarded and not viewed by the Court. Reporter's Record, Vol. 2, Page 22. Trial Court counsel objected again to the admission of certain inculpatory exhibits, at Reporter's Record Vol. 2, Page 28, alleging the improper traffic stop. Officer Bales was cross-examined extensively. Reporter's Record Vol. 2, Page 29-36. Officer Miller testified as to two offenses.

In final arguments trial counsel alleged the lack of a traffic offense several times. Counsel also argued portions of the video supported his defense or failed to support the State's case.

(3.) That trial counsel failed to confirm if a confidential informer existed.

Trial counsel concedes that no effort was made to insure that confidential informant existed. No evidence, no statement, no information, or no exhibits appeared to have been derived from any such informant. Whether or not such a person existed was deemed to be of no consequence to the defense of Mr. Parker, in as much as no inculpatory evidence was derived from such a source. Any real reference to what information could have been obtained from such an informant was objected to and sustained by the Trial Court. Reporter's Record Vo. 2, Page 10.

(4.) That trial counsel failed to convey plea bargain offers to Defendant pre-trial.

Trial counsel asserts the only plea offer conveyed by the State to counsel was for 16 years and a $2000.00 fine, in writing, on or about February 15, 2012. That offer was communicated to Defendant several times, but specifically on June 7, 2012 at the Hood County Jail. Mr. Parker wanted less time, and State declined to counter offer. Trial counsel was provided no other offer to plea bargain the punishment.

WR-64,694-02 Supp. CR #2 Vol 1 of 1, 9-10, ECF No. 12-11.

The state habeas judge, who presided at Petitioner's bench trial, entered the following

7

findings of fact and legal conclusions:

FINDINGS OF FACT

A. On February 15, 2012, Applicant was indicted by the Hood County Grand Jury for the offense of Possession of a Controlled Substance, namely Methamphetamine, of less than 1 gram. Thereafter, on June 18, 2012, Applicant executed a Waiver of Right to Trial by Jury, and on June 19, 2012, this case proceeded to a bench trial before the Presiding Judge. Applicant pled not guilty to the indictment, and after the presentation of the evidence, Applicant was found guilty by the Presiding Judge. Applicant then entered his pleas of true to enhancement paragraphs 1 and 2 and habitual counts 1 and 2 of the indictment. After hearing the punishment evidence, the Presiding Judge sentenced the Applicant to serve a term of 18 years in the Institutional Division of the Texas Department of Criminal Justice.

B. At the order of this Court, trial counsel, Richard L. Hattox, prepared and filed with this Court his Affidavit. In preparing these Findings of Fact and Conclusions of Law, the Court has relied upon the subject Affidavit, the allegations made in Applicant's Application for a Writ of Habeas Corpus, and the Court's personal recollection of the bench trial in this case.

C. This Court was instructed by the Court of Criminal Appeals of Texas to determine whether Mr. Hattox (1) failed to object or move to suppress the lab report on the grounds that the lab technician that performed the tests was not available to testify, (2) failed to object to or move to suppress the redacted video or the evidence obtained from the traffic stop, (3) failed to confirm if a confidential informant existed, and (4) failed to convey plea offers. Accordingly, this Court ordered Mr. Hattox to respond to the Applicant's claims of ineffective assistance of counsel, and Mr. Hattox did so and filed with this Court his Affidavit on August 11, 2014.

D. In his Affidavit, Mr. Hattox provides a detailed response to each of the areas of concern expressed by the Court of Criminal Appeals of Texas in its Order filed on July 23, 2014. As to whether he "failed to object or moved to suppress the lab report on the grounds that the lab technician was "unavailable" to testify," Mr. Hattox goes on to say that:

There was no issue, I believed, as to the validity of the lab technician's report. There was no indication that the substance tested was not methamphetamine. There appeared to be no issue regarding any chain of custody evidentiary issues. Mr. Parker and I discussed stipulating as to the lab report as we both agreed that there was no real issue for the Court to resolve. ***Mr. Parker and I agreed to only***

8

> *contest the issues in the case that were substantive issues, and the lab technician nor his report was among these issues*. The cause was tried before the Court, and not a jury. Mr. Parker and I discussed the appropriate need for efficiency and *Mr. Parker agreed to the stipulation of State Exhibit 10, the lab report for these reasons*.

E.  As to the allegation that he ". . . failed to object to or move to suppress the redacted video or the evidence obtained from the traffic stop", Mr. Hattox notes that he "began in opening statements objecting to the reasons alleged by the State for the traffic stop and video." Mr. Hattox refers to the Reporter's Record, Volume 2, Page 8, Line 17 where he states that he "complained to the trial court no traffic violations occurred that justified the traffic stop and that the video taken of the Defendant's arrest would substantiate our claim." Mr. Hattox then goes on to state the objections that he made repeatedly as it related to oral statements made and evidence that was obtained at the scene of the traffic stop which gave rise to Applicant's arrest and indictment.

F.  As to the allegation that he "failed to confirm if a confidential informer existed", Mr. Hattox "concedes that no effort was made to insure that a confidential informant existed. No evidence, no statement, no information, or no exhibits appeared to have been derived from any such informant. Whether or not such a person existed was deemed to be of no consequence to the defense of Mr. Parker, *in as much as no inculpatory evidence was derived from such a source.*"

G.  As to the allegation that he "failed to convey plea offers", Mr. Hattox states that the "only plea offer conveyed by the State to counsel was for 16 years and a $2,000 fine" done on or about February 15, 2012. According to Mr. Hattox, "that offer was communicated to defendant several times . . . ". "Mr. Parker wanted less time, and State declined to courter-offer. Trial counsel was provided no other offer to plea bargain the punishment."

H.  Applicant brings no corroborating proof of his claims of ineffective assistance of counsel, and his contentions that Mr. Hattox rendered ineffective assistance of counsel are wholly without merit.

I.  The Court is familiar with the reputation and legal abilities of trial counsel, Richard L. Hattox, as Mr. Hattox practices frequently before this Court and other Courts in Hood County, Texas.

CONCLUSIONS OF LAW

. . .

9

    C.    In order to establish that trial counsel rendered ineffective assistance of counsel, Applicant bears the burden of showing that his counsel committed errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment and that, but for all his alleged errors, the outcome of the proceedings would have been different.

    D.    Review of counsel's representation is highly differential, and the reviewing Court indulges a strong presumption that trial counsel's conduct fell within a wide range of reasonable representation.

    E.    To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."

    F.    Applicant has failed to prove that trial counsel provided ineffective assistance of counsel.

*Id.* at 11-13 (record and legal citations omitted) (emphasis in original).

The Texas Court of Criminal Appeals adopted the state habeas court's findings of fact and denied relief without written order. *Id.,* Action Taken, ECF No. 12-14. Petitioner presented no argument or credible evidence in state court that could lead this Court to conclude that the state courts unreasonably applied *Strickland*. 28 U.S.C. § 2254(d). Petitioner's claims are largely conclusory or speculative with no legal or evidentiary basis, are contradicted by the record, involve matters of state law, or involve strategic and tactical decisions by counsel, which are either insufficient to raise a constitutional issue and/or outside this Court's preview on federal habeas review. *See Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (reinforcing that "federal habeas corpus relief does not lie for errors of state law"); *Strickland,* 466 U.S. at 689 (providing counsel has "wide latitude" in making tactical and strategic decisions, which are "virtually unchallengeable" and generally do not provide a basis for postconviction relief on grounds of ineffective assistance of counsel); *Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir. 1998) (providing conclusory arguments

are insufficient to support a claim of ineffective assistance); *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) (providing trial counsel is not required to make frivolous objections); *Hagwood v. Wenerowicz,* No. 12-5404, 2013 WL 5786178, at *2 (E.D.Pa. Oct. 24, 2013) (providing "it is certainly within the realm of acceptable trial strategy to stipulate to a lab report when counsel sees no fruitful avenue of cross-examining the lab technician").

Overall, trial counsel devised a defense, gave opening argument, made relevant objections during trial, cross-examined state witnesses, gave closing argument, and called character witnesses on Petitioner's behalf in the punishment phase. A petitioner is required to demonstrate that counsel's performance, in light of the entire proceeding, was so inadequate as to render his trial unfair. *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981). This, Petitioner has not accomplished.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of April, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**